IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFOVISTA S.A., | No. C07-00822 MJJ |
| Plaintiff, | **ORDER DENYING DEFENDANT'S RULE 12(B)(6)/12(E) MOTION** |
| v. | |
| VISTANETIT, INC., | |
| Defendant. | |

**INTRODUCTION**

Before the Court is Defendant VistanetIT, Inc.'s Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, Or In The Alternative, Motion For A More Definitive Statement. (Docket No. 12.) For the following reasons, the Court **DENIES** the Motion and **VACATES** the May 1, 2007 hearing in this matter.

**FACTUAL BACKGROUND**

On February 8, 2007, Plaintiff InfoVista S.A. ("Plaintiff") filed a complaint (Docket No. 1) against Defendant VistanetIT alleging claims of trademark infringement, unfair competition and false designation of origin under both the Lanham Act and California state law in connection with seventeen of its federally registered trademarks. On March 20, 2007, Defendant VistanetIT ("Defendant") filed the instant motion pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(e), requesting that the Complaint be dismissed for failure to state a claim, or in the alternative, that Plaintiff be ordered to provide a more definitive statement.

**United States District Court**
For the Northern District of California

# LEGAL STANDARD

### A. Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

### B. Rule 12(e)

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." A Rule 12(e) motion for a more definite statement "[is] viewed with disfavor and [is] rarely granted because of the minimal pleading requirements of the Federal Rules." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal.1994). A motion for a more definite statement attacks unintelligibility in a pleading; therefore, it is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. *See Box all v. Sequoia Union High School District*, 464 F. Supp. 1104, 1114 (N.D.Cal.1979); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996). In such cases, defendant cannot reasonably be expected to frame a proper response. *Familiar, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D. Cal. 1981) ("A motion for a more definite statement should not be granted

2

1  unless the defendant cannot frame a responsive pleading"); *Cellars v. Pacific Coast Packaging, Inc.*,
2  F.R.D. 575, 578 (N.D.Cal. 1999).  Moreover, courts have held that if discovery will provide the
3  detail sought by a motion for more definite statement, the motion should be denied.  *Beery v. Hitachi*
4  *Home Electronics, Inc.*, 157 F.R.D. 477, 480 (C.D. Cal 1993).  The court has wide discretion and "it
5  is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the
6  complaint or by affidavits, further particularized allegations of fact ."  *Warth v. Seldin*, 422 U.S. 490,
7  501- 502 (1975).

## ANALYSIS

### A.  Motion To Dismiss.

The Court disagrees with Defendant that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

#### 1.  Likelihood of confusion.

The Court finds that the Complaint adequately states facts establishing a likelihood of confusion.  The Ninth Circuit has articulated eight factors by which the fact-intensive inquiry regarding likelihood of confusion should be analyzed: (1) the strength of the mark, (2) the similarity of the marks, (3) the proximity or relatedness of the good or services, (4) the defendant's intent in selecting its mark; (5) evidence of actual confusion, (6) the marketing channels used, (7) the likelihood of expansion into other markets, and (8) the degree of care purchasers are likely to use. *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1053-54 (9th Cir. 1999).  "This eight-factor test is pliant.  Some factors are much more important than others, and the relative importance of each individual factor will be case-specific."  *Id.* at 1054.

Plaintiff's Complaint alleges facts addressing at least four of these eight factors.  With respect to the similarity of the marks, the Complaint alleges that the specifically-enumerated accused names "are immediately reminiscent of and strikingly similar to Plaintiffs' incontestable mark 'InfoVista" and the Vista Family of Marks" (Complaint ¶ 19) and further alleges that one such product name "is identical" to one of Plaintiff's registered marks (Complaint ¶ 20).  With respect to the relatedness of the goods and services, the Complaint alleges that Plaintiff's trademarks and Defendant's product and service names "are both being used to brand and market computer products

3

and services in the very same industry – namely computer software and solutions for business services" (Complaint ¶ 22) and further alleges that both Plaintiff and Defendant "are providing computer software and/or services that assist companies in managing their IT infrastructure" (Complaint ¶ 25). With respect to Defendants' intent, the Complaint alleges that Defendant developed its product and service names in bad faith, with the intent to "trade on Plaintiffs' success, fame, goodwill, and high quality products and services." (Complaint ¶ 24; *see also id.* at ¶ 26.) Finally, with respect to the marketing channels used, the Complaint alleges that both Plaintiff and Defendant "display their products and services through the Internet and . . . other media familiar to IT professionals" and that both Plaintiff and Defendant "have the same potential clients." (Complaint ¶ 25.)

The Court finds these allegations, which it must accept as true for purposes of Defendant's Rule 12(b)(6) challenge, are more than adequate to establish a likelihood of confusion. Defendant's arguments to the contrary necessarily fail at the Rule 12(b)(6) stage. Defendant primarily argues, without factual support, that there would be little likelihood of confusion because the two companies purportedly operate in separate markets and target different customers. Defendant's argument, however, essentially asks the Court to disregard the allegations to the contrary contained in the Complaint. Moreover, even the distinction that Defendant attempts to draw would not be determinative. Defendant's argument is primarily based on the notion that Plaintiff offers IT software <u>products</u>, while Defendant offers IT <u>services</u>, yet Defendant concedes that there is nonetheless a significant link in the marketplace given that Plaintiff "provides software that it develops for use by those who do provide IT services." (Defendant's Motion at 8:8.)

Accordingly, the Court will not dismiss the Complaint on this basis.

**2.  "Vista" as a descriptive mark.**

Defendant contends that, to the extent that the Complaint is premised on use of the term "vista" in Defendant's product and service names, it necessarily fails to state a claim upon which relief can be granted because "Vista" is a descriptive term. "Descriptive marks define qualities or characteristics of a product in a straightforward way that requires no exercise of the imagination to be understood." *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 (9th

4

Cir. 1998).

Though Defendant urges the Court to conclude as a matter of law that the term "vista" is descriptive as applied to Plaintiff's products or services, the Court finds that it cannot do so on the record before it in a Rule 12(b)(6) context. Defendant argues that the term "vista" is merely descriptive because it is used to connote "watching over the quality of customer's information technology systems." (Defendant's Motion at 9:16-17.) In the Court's view, however, use of the term "vista" in this manner, in connection with IT products or services, still requires some use of the imagination to make the connection that Defendant ascribes to the term. As *Kendall-Jackson* makes clear, the use of imagination to understand the mark's significance would render it, at a minimum, a suggestive mark. 150 F.3d at 1047 n.8. In any event, given the presumption accorded to registered marks that they have acquired secondary meaning (*see Avery Dennison Corp. v Sumpton*, 189 F.3d 868, 876 (9th Cir. 1999)), the absence of any evidence showing a lack of secondary meaning for Plaintiff's marks is fatal to Defendant's contention in the Rule 12(b)(6) context. Moreover, even if the Court were to conclude (which it does not) that the term "vista" itself is merely descriptive, such a determination would not automatically render the registered trademarks asserted by Plaintiff descriptive. For all of these reasons, the Court declines to dismiss the Complaint on this basis.[1]

### 3. "Innocent use" exception.

Defendant contends that the Complaint should also be dismissed because the "innocent use", or "intermediate junior user", exception applies to its use of the accused product and service names. *See* 15 U.S.C. § 1115(b)(5). However, the Court cannot adjudicate Defendant's assertion of an "innocent use" exception in the context of this Rule 12(b)(6) motion. Defendant entirely fails to establish the factual predicates of such an exception from the facts alleged in the Complaint or from any facts of which this Court could take judicial notice. Defendant's assertions that it began using the term "Vista" prior to Plaintiff's use of the term, and that it adopted use of that term without knowledge of any prior use by Plaintiff, are entirely unsupported by the record that this Court may consider in the Rule 12(b)(6) context. The only facts to which Defendants cites – the Seller's Permit

---

[1] On the record before it today, the Court makes no binding determination as to whether or not the term "vista", or marks including the term "vista", constitute descriptive marks, and declines Plaintiff's invitation to issue such a *sua sponte* ruling.

5

1 attached as Exhibit A to Defendant's Request for Judicial Notice, and Paragraph 7 of the Complaint
2 – fall short of establishing that Defendant has used the term "Vista" in connection with its service
3 packages at all, let alone establishing the timing, continuity, or geographical scope of such use.

### B.     Motion For More Definitive Statement.

Much of Defendant's motion is centered around its concern that it is unable to determine from the Complaint whether or not Plaintiff is alleging that Defendant's corporate name, "VistanetIT", is among the names alleged to be confusingly similar with Plaintiff's registered marks. Though Plaintiff enumerates several of Defendant's product and service names that are accused of infringing the registered trademarks, the name "VistanetIT" is not included on that list. (Complaint ¶ 18.) Defendant therefore requests that the Court determine, as a matter of law, that "VistanetIT" does not infringe Plaintiff's registered trademarks. In the alternative, Defendant requests that Plaintiff be required to amend the Complaint to clarify whether the enumerated list of accused names is exhaustive, and specifically whether Plaintiffs contend that "VistanetIT" infringes Plaintiff's trademarks.

The Court discerns no allegation in Plaintiff's Complaint that the name "VistanetIT" infringes Plaintiff's marks, and Plaintiff's opposition confirms the Court's reading of the Complaint. *See* Defendant's Opposition at 9:25-27 ("VistanetIT goes on to contend that . . . the Complaint 'assert[s] that there is a likelihood of confusion between InfoVista's marks and the term 'VistanetIT.'' This is at best disingenuous."); 10:18-20 ("to the extent that VistanetIT argues that its name is not confusingly similar to InfoVista's trademarks, that argument is inapposite and irrelevant.") & 10 n.2 ("InfoVista does not waive or disclaim infringement by any marks not named in paragraph 18 of the Complaint, including VistanetIT, and InfoVista reserves its rights to amend the Complaint to add (or remove) marks according to facts uncovered in discovery.")

Given that Plaintiff has not alleged that the name "VistanetIT" infringes its trademarks in the Complaint, the Court finds it inappropriate to adjudicate the question, as Defendant requests, as to whether that name can be found not to infringe Plaintiff's marks as a matter of law. The question of whether the name "VistanetIT" infringes Plaintiff's marks is not presently a live controversy in this matter, and Defendant's present motion does not provide an appropriate forum in which this Court

could adjudicate the issue. Defendant is free to bring a counterclaim for declaratory relief regarding the name "VistanetIT" if it seeks adjudication of that question.

Accordingly, the Court sees no basis for ordering Plaintiff to provide a more definitive statement under Federal Rule of Civil Procedure Rule 12(e). Plaintiff's Complaint comports with the notice pleading requirements of Federal Rule of Civil Procedure 8(a) and is not so vague or unintelligible that Defendant cannot reasonably be required to frame a responsive pleading. However, In light of Plaintiff's representations in its opposition, and in the interests of clarifying the scope of the controversy presently raised by the Complaint, the Court will not permit Plaintiff to assert that the name "VistanetIT" infringes its trademarks in this action unless a subsequent amendment to Plaintiff's Complaint, or a responsive pleading from Defendant, formally injects such issue in the case.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion and **VACATES** the May 1, 2007 hearing in this matter.

**IT IS SO ORDERED.**

Dated: 4/20/2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE